# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MICHAEL KANDIS,**

Petitioner,

v.  CIVIL ACTION NO.: 3:16-CV-135
 (GROH)

**DAVID BALLARD, Warden,**

Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on April 27, 2017. ECF No. 26. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court grant the Respondent's Motion for Summary Judgement, deny the Petitioner's Petition and dismiss the same with prejudice. After receiving an extension of time, the Petitioner filed objections to the R&R on June 19, 2017. ECF No. 31. Accordingly, this matter is now ripe for adjudication.

## I. BACKGROUND

On September 20, 2016, Michael Kandis ("Petitioner") filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. In his petition, the Petitioner advances three grounds for which he is being held in violation of the Constitution or laws of the United States. Specifically, the Petitioner avers that he was denied his right to effective counsel, his right to a direct appeal and due process. See ECF No. 1. On October 26,

2016, the Respondent filed a motion for summary judgment. ECF No. 11. Thereafter, Magistrate Judge Trumble entered a Roseboro notice [ECF No. 13], and the Petitioner filed a response on January 13, 2016. ECF No. 18.

On April 27, 2017, Magistrate Judge Trumble entered his R&R. ECF No. 26. Thereafter, the Petitioner filed a motion for an extension of time to object [ECF No. 28], which was granted [ECF No. 29], objections [ECF No. 31], a motion for certificate of appealability [ECF No. 32], a response [ECF No. 34] to the Respondent's motion to strike [ECF No. 33] and a motion to supplement his objections [ECF No. 35].

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein; however, it will briefly outline the most relevant facts of this case.

In 2013, the Petitioner pled guilty to three counts of robbery in the second degree, which is a felony. As part of the Petitioner's plea agreement, he waived "his right to challenge the validity of [the] plea agreement by direct appeal in state or federal court, to appeal any pre-trial or post conviction rulings of the circuit court, to try and modify the plea agreement any way, or to otherwise challenge the validity of the plea agreement in any legal proceeding of any nature in any court." ECF No. 11-2 at paragraph 9.

The Petitioner's arguments are based upon his lawyer's alleged ineffectiveness for supposedly failing to secure an earlier plea offer, which in hindsight, would have resulted in a shorter sentence. However, the earlier plea deal guaranteed more time to be served than the fewest years possible under the second plea offer. Further, counsel for the Petitioner wrote him a letter advising him to accept the earlier plea offer.

In upholding the circuit court's denial of the Petitioner's state habeas corpus petition, the West Virginia Supreme Court of Appeals found, as the record supports, that "the circuit court did not clearly err in finding that there was no evidence to counter its determination at the plea hearing that petitioner entered his guilty pleas 'knowingly, intelligently, and of his own free will.'" Kandis v. Ballard, No. 15-0431, 2016 WL 1549453, at *3 (W. Va. Apr. 15, 2016).

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the Magistrate's recommended disposition which is being challenged and shall specify the basis for such objection." LR PL P 12.2.

"When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original

3

papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R. Rather, the objections reiterate the same arguments the Petitioner made in his original filings, which were considered by the magistrate judge when he issued the R&R. Specifically, these arguments can be found in his § 2254 petition, response to the Respondent's motion for summary judgment, reply to Respondent's motion to strike and motion to hold an evidentiary hearing and appoint counsel. Therefore, the Court finds

4

that *de novo* review is not required because the Petitioner has failed to make specific objections that present new facts or arguments not already before the magistrate judge.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, <u>it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 26] should be, and is, hereby **ORDERED ADOPTED**</u> for the reasons more fully stated therein.

Thus, the Respondent's Motion for Summary Judgment [ECF No. 11] is hereby **GRANTED**, and the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED and DISMISSED WITH PREJUDICE**. The Respondent's Motions to Strike [ECF Nos. 20 & 33] are **GRANTED**. The Petitioner's Motion to Hold an Evidentiary Hearing and for Appointment of Counsel [ECF No. 22] and Motion to Supplement Objection [ECF No. 35] are **DENIED**. The Clerk is **DIRECTED** to enter judgment for the Respondent.

This matter is **ORDERED STRICKEN** from the Court's active docket.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

5

constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing. Accordingly, the Petitioner's Motion for Certificate of Appealability [ECF No. 32] is **DENIED**.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** August 1, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE